IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 4, 2005 Session

## DANA COUNTS v. JENNIFER LYNN BRYAN, ET AL.

**Appeal from the Circuit Court for Maury County**
**No. 7873     Robert L. Holloway, Judge**

**No. M2003-01671-COA-R3-CV - Filed July 13, 2005**

Defendants appeal the denial of a Tenn. R. Civ. P. 50 motion for directed verdict.  This is Plaintiff's second action against Defendants to recover damages resulting from a personal injury accident.  The first action was timely filed and voluntarily dismissed.  This action, which is a separate, subsequent action, was commenced within one year of the voluntary dismissal; however, Plaintiff did not plead sufficient facts in the complaint to establish the timeliness of the commencement of the new action. Defendants affirmatively pled the statute of limitations defense in their answer; however, Plaintiff did not amend the complaint nor introduce evidence at trial to address the statute of limitations issue. Defendants put the affirmative defense at issue during closing arguments.  The trial court took the motion under advisement, the trial proceeded and the jury returned a verdict in favor of Plaintiff. Thereafter, the trial court elected to take judicial notice of facts appearing in the record in the first action, the date the first action was commenced and the date of the voluntary dismissal,  determined the second action was timely filed and denied Defendants' motion.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

John S. Colley, III, Columbia, Tennessee, for the appellants, Jennifer L. Bryan, Jerry Bryan and Geri Bryan.

Lawrence D. Sands, Columbia, Tennessee, for the appellee, Dana Counts.

### OPINION

Dana Renee Counts sustained physical injuries in a vehicular accident with Jennifer Lynn Bryan on February 26, 1996.  She commenced her first action against Ms. Bryan and her parents,

Jerry and Geri Bryan,[1] on September 27, 1996. The complaint was served and Defendants filed an answer. Seven months later, on April 16, 1997, Plaintiff voluntarily dismissed her action. She filed this action by filing a complaint on October 28, 1997.

The complaint in this action – the second action – provided the date of the accident; however, it made no reference to the previous action. The complaint, however, did not state the date the first action was commenced, when that action was voluntarily dismissed or that the statute of limitations was tolled by the Tennessee Saving Statute, Tenn. Code Ann. § 28-1-105. Thus, on the face of the second complaint it appeared that this action was filed more than one year after the accident in violation of the one-year statute of limitations for personal injury actions. Defendants filed an answer and asserted *inter alia* the affirmative defense of the statute of limitations. Plaintiff, however, did not amend the complaint to cure the deficiencies. Moreover, she did not introduce evidence during the trial to establish the timely commencement of the first action, the date of the voluntary dismissal, or the timely commencement of this action.[2] After the parties had closed their proof, Defendants put the affirmative defense of the statute of limitations at issue by attempting to argue the defense to the jury. Plaintiff objected and the trial court sustained the objection. Defendant then made the Tenn. R. Civ. P. 50 motion, which the trial court took under advisement. Subsequent to the jury returning a verdict in favor of Plaintiff, the trial court elected to take judicial notice of two facts from the previous action: 1) the date the previous action was commenced, and 2) the date that action was voluntarily dismissed. With the benefit of these additional facts, the trial court determined that the second action did not violate the statute of limitations and denied Defendants' motion. Defendants appealed.

No genuine material factual disputes are presented. The issue presented hinges on the proper interpretation of law and its application to the facts of this case, thus they are questions of law. *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 74 (Tenn. 2002); *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). Therefore, the trial court's resolution of a question of law is not entitled to Tenn. R. App. P. 13(d)'s presumption of correctness on appeal. Accordingly, we will review the issues *de novo* and reach independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002).

The dispositive issue is whether the trial court erred by taking judicial notice of two facts from the record of the trial court in the previous action between the parties.[3]

---

[1]The claim against the parents was based upon the Family Purpose Doctrine.

[2]This is a separate, subsequent action; it is not a continuation of the first action pursuant to Tenn. R. Civ. P. 3. If process is not served within 30 days from issuance, the plaintiff may rely upon the original commencement to toll the running of a statute of limitations provided the plaintiff "continues the action" by obtaining issuance of new process within one year from issuance of the previous unserved process or, if no process is issued, within one year of the filing of the complaint. Tenn. R. Civ. P. 3. That rule does not apply here because the first action was dismissed.

[3]Defendants framed the issue: "Is the failure to plead and prove tolling facts fatal to an action brought outside the applicable statute of limitations?" As we reviewed the case and relevant law, we find the real issue is judicial notice.

Judicial notice is "a method of dispensing with the necessity for taking proof." *State ex rel. Schmittou v. City of Nashville*, 345 S.W.2d 874, 883 (Tenn. 1961). "Judicial notice is generally defined as a judge's utilization of knowledge other than that derived from formal evidentiary proof in the pending case." 1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE, note 3, ¶ 200[01] at 200-02 (1991). The result of taking judicial notice of a fact is the establishment of the admission of that fact into evidence. Robert Banks, Jr. & Elizabeth T. Collins, *Judicial Notice in Tennessee*, 21 Mem. St. U. L. Rev. 431, 433 (1991).

Since 1990, Tenn. R. Evid. 201 has governed judicial notice of adjudicative facts. A judicially noticed fact must be one that is not subject to reasonable dispute. Tenn. R. Evid. 201(b). It must be either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Tenn. R. Evid. 201(b). Furthermore, a court may take judicial notice whether requested or not. Tenn. R. Evid. 201(c).

Prior to the adoption of Tenn. R. Evid 201, it was not permissible to take judicial knowledge of former proceedings and judgments, even those in the same court between the same parties. *See American National Bank v. Bradford*, 188 S.W.2d 979 (Tenn. Ct. App. 1945). Tennessee historically permitted the taking of judicial notice of facts from earlier proceedings only if they occurred in the same action. *See Sims v. Barnham,* 743 S.W.2d 179, 181 (Tenn. Ct. App. 1987) (stating that a court may properly take judicial notice of filings within that proceeding, such as amounts paid into the clerk's office); *Stone v. Neal*, 90 S.W.2d 549, 552 (Tenn. Ct. App. 1935) (stating that courts may take judicial notice of all papers filed in that action); *Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987) (finding judicial notice appropriate when a court took notice of earlier proceedings in the same case). The adoption of the Tennessee Rules of Evidence, effective January 1, 1990, effected a substantial change, at least for taking judicial notice of facts as distinguished from taking judicial notice of law. *See Mandela v. Reynolds*, No. 01-A-01-9303-CH00126, 1993 WL 236607 (Tenn. Ct. App. June 30, 1993).[4] Most Tennessee opinions on the subject of taking judicial notice of facts were authored prior to the adoption of Tenn. R. Evid. 201. As a consequence, those opinions are no longer controlling.

The issue before us pertains to taking judicial notice of facts, as distinguished from law. Tenn. R. Evid. 201(A) expressly states that it "governs . . . judicial notice of adjudicative facts." The

_____

[4] In *Mandela*, the defendant filed a motion to dismiss, which was based upon a *res judicata* defense. The trial court granted the motion after taking judicial notice of prior actions between the parties. This court affirmed noting, "The prior proceedings and judgments in the same court were subject to judicial notice because they were 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id*. at 2, citing Tenn. R. Evid 201(b)(2). This court further noted the plaintiff was afforded the opportunity to be heard "as to the propriety of taking judicial notice and the tenor of the matter noticed, i.e., the nature of the prior proceedings and identity of same with the present proceeding. Tenn. R. Evid 201(e). This opportunity to be heard included the obligation and responsibility to present and preserve in this record sufficient evidence to controvert the matters of which the Trial Court took judicial knowledge." This safeguard is provided in the rule. Tenn. R. Evid. 201(e).

rule, however, does not define the term "adjudicative fact." 21 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5103, at 473 (1977) (describing the absence of a definition as "baffling"). Nor is it explained or defined in the Advisory Commission Comments to the Tennessee Rules of Evidence. Moreover, Fed. R. Evid. 201, which is identical to the Tennessee rule, provides no such explanation.[5]

Other sources inform us that judicial notice of adjudicative facts generally refers to the recognition of facts that are relevant to a specific lawsuit. 21 Mem. St. U. L. Rev. 431, 434 (citing E. CLEARY, MCCORMICK ON EVIDENCE § 328, at 920 (3d ed. 1984)). The respected treatise, TENNESSEE LAW OF EVIDENCE endeavored to define or explain the term adjudicative facts and found no definitive answer but a variety of definitions. NEIL P. COHEN, SARAH Y. SHEPPEARD & DONALD F. PAINE, TENNESSEE LAW OF EVIDENCE § 2.01 [3] (4th ed. 2000). One such definition is that:

> [A]djudicative facts help to "explain who did what, when, where, how, and with what motive and intent. Another definition is a fact "to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to parties, their activities, their properties, their businesses.

Trial courts may also take notice of adjudicative facts in the form of books and reports, and of rules of arbitration, such as Commercial Rules of the American Arbitration Association (AAA). *Pyburn v. Bill Heard Chevrolet,* 63 S.W.3d 351, 362 (Tenn. 2001) (holding that the court may take judicial notice of an arbitration agreement the parties agreed to utilize); *see also Flanary v. Carl Gregory Dodge of Johnson City, LLC,* No. E2004-00620-COA-R3CV, 2005 WL 1277850, *6 (Tenn. Ct. App. Feb. 14, 2005). However, Tenn. R. Evid. 201(b)(2) generally should not be applied to take judicial notice of a witness' opinion or of long narratives by a witness of his or her general observations or perceptions of events.[6] Adjudicative facts contemplated in Tenn. R. Evid. 201 are typically those facts Detective Joe Friday, a character of the popular 1950's television series *Dragnet*, desired to elicit from a witness. His classic line – to encourage a witness who was being too verbose – was, "Just the facts, ma'am."[7]

As Tenn. R. Evid. 201(b)(2) provides, the adjudicative fact must be one that is "not subject to reasonable dispute" and it must be "capable of accurate and ready determination by resort to

[5]Why the omission? Perhaps it was omitted, as the author of an excellent article on the subject opined, because "it is easier to illustrate an adjudicative or legislative fact or a question of law than it is to articulate a general principle that distinguishes them." Robert Banks, Jr & Elizabeth T. Collins, *Judicial Notice in Tennessee*, 21 Mem St. U. L. Rev. 431, 441(1991).

[6]Long narratives will likely contain something that is subject to reasonable dispute. One of the conditions to taking judicial notice of a fact pursuant to Tenn. R. Evid. 201 is that the fact is not subject to reasonable dispute.

[7]Adjudicative facts must not be subject to reasonable dispute. Tenn. R. Evid. 201. Historical facts, such as who, what or when, are more likely to satisfy this criteria, as distinguished from narrative explanations or opinions, which are more likely to be subject to dispute. See 21 Mem. St. U. L. Rev. 431, *433-434; *see also State v. Matheny*, 884 S.W.2d 480, 483 (Tenn. Crim. App. 1994)(holding that opinions are not appropriate for judicial notice).

sources whose accuracy cannot reasonably be questioned." Here, Defendants moved to dismiss, arguing the second action violated the one-year statute of limitation for personal injury actions. The facts necessary to answer that question are: (1) the date the cause of action accrued – the date of the accident, (2) the date the first action was commenced, (3) the date of the voluntary dismissal, and (4) the date the second action was commenced. The complaint in the second action provided two of the four dates, the date of the accident and the date the second action was commenced, which was stamped on the face of the second complaint. The two missing facts – the date the first action was commenced and the date of the voluntary dismissal – were in the trial court's records.

The two missing dates were capable of accurate and ready determination by referencing the court's files. Moreover, the accuracy of the dates cannot reasonably be questioned because the dates were imprinted by the Circuit Court Clerk of Maury County on the documents as they were filed in that action. Tenn. R. Evid. 201(b) authorizes the trial court to take judicial notice of a fact that is not subject to reasonable dispute if it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Therefore, the trial court's decision to take judicial notice of the two missing dates was an appropriate exercise of its discretion, as authorized by Tenn. R. Evid. 201.

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against Defendants, Jennifer Lynn Bryan, Jerry Bryan and Geri Bryan.

 

 

_____
FRANK G. CLEMENT, JR., JUDGE