IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 29, 2015 Session

## MELINDA DOLMAN, ET AL. v. TIMOTHY DONOVAN MD, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00523614      Rhynette N. Hurd, Judge**

_____

**No. W2015-00392-COA-R3-CV – Filed December 23, 2015**
_____

This is a healthcare liability action arising from the death of the decedent, Melinda Dolman. Appellants, daughters of the decedent, filed this action against Appellees, Timothy Donovan, M.D., Brixey Shelton, M.D., Memphis Vascular Center, Memphis Radiological, P.C., and Memphis LeBonheur Healthcare. Appellees moved to dismiss the action for failure to comply with the notice requirement of Tennessee Code Annotated section 29-26-121. Specifically, Appellees challenged whether the medical authorization provided with the pre-suit notice letter was compliant with Tennessee Code Annotated section 29-26-121(a)(2)(E). Following a hearing on the motion, the trial court agreed with Appellees and dismissed the action. Appellants timely appealed. We affirm and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Russell John Johnson, Memphis, Tennessee, for the appellants, Kelsey Dolman, Monica Isom, and Patrice Benson.

William H. Haltom, Joseph M. Clark, and Samantha E. Bennett, Memphis, Tennessee, for the appellees, Timothy Donovan, Brixey Shelton, Memphis Vascular Center, and Memphis Radiological Professional Corp.

Craig C. Conley and Mason W. Wilson, Memphis, Tennessee, for the appellee Methodist

Lebonheur Healthcare a/k/a Methodist Healthcare a/k/a Methodist Hospital Germantown.

## OPINION

### I.     Background and Procedural History

On December 12, 2014, Monica Isom, Patrice Benson, and Kelsey Dolman, individually and as daughters of the decedent, Melinda Dolman, (together, "Appellants") filed a complaint for medical malpractice[1] in the Shelby County Circuit Court against Dr. Timothy Donovan, Dr. Brixey Shelton, Methodist LeBonheur Healthcare, Memphis Vascular Center, and Memphis Radiological, P.C. (together "Appellees"). The factual allegations in the complaint concern the care and treatment decedent received at Methodist Hospital from September 7, 2013 until her death on September 9, 2013. On January 13, 2015, Drs. Donovan and Shelton, Memphis Radiological P.C., and Memphis Vascular Center filed a motion seeking dismissal of Appellants' complaint for failure to comply with Tennessee Code Annotated section 29-26-121. Methodist LeBonheur Healthcare later joined in the motion to dismiss.

As grounds for their motion to dismiss, Appellees asserted that the complaint failed to conform to the statute because the pre-suit notice did not include a Health Insurance Portability and Accountability Act (HIPAA) compliant medical authorization that permitted each health care provider to obtain the complete medical records of each other provider. According to the notice letters sent by Appellants, there were eight separate health care providers given pre-suit notice. These providers included Methodist Healthcare Germantown, Methodist LeBonheur Hospital, Garrettson Ellis, M.D., Mid-South Pulmonary Specialists, Memphis Vascular Center, Memphis Radiological, P.C., Brixey Shelton, M.D., and Timothy Donovan, M.D. The notice letters were accompanied by three Methodist LeBonheur Healthcare medical records authorization forms. Substantively, the three authorizations were identical, but each was signed by a different Appellant. Appellees assert that the medical authorizations only allow the release of records from Methodist LeBonheur Healthcare. Specifically, Appellees argue that the authorizations did not enable them to obtain the records from "each other provider being sent a notice" as required by statute.

---

[1] Although Appellants style their case as a "medical malpractice" action, we note that, effective April 23, 2012, the Tennessee General Assembly passed legislation replacing the term "medical malpractice" with "health care liability" in every place in the Tennessee Code. *See* Act of April 23, 2012, ch. 798, 2012 Pub. Acts.

Appellants argued that the HIPAA authorizations were compliant because the doctors and other named healthcare providers were "affiliates" of Methodist LeBonheur Healthcare. Appellants also argued that there was no prejudice to Appellees because the only medical records relevant to this case were in the possession of Methodist Hospital and were covered by the authorizations provided in the pre-suit notice. Appellees countered that they did not know whether there were other relevant medical records because they had not been given proper medical authorizations. Therefore, Appellees maintained that they were prejudiced because they did not have all of the relevant information to enable them to make a determination regarding settlement.

After a hearing, the trial court specifically found that the Appellants "failed to substantially comply with Tennessee Code Annotated section 29-26-121(a)(2)(E) because they failed to provide the [Appellees] with a HIPAA-compliant medical authorization that would allow them to request medical records from all other noticed providers." Thus, Appellants were not entitled to the 120 day extension of the statute of limitations available under Tennessee Code Annotated section 29-26-121(c). As a result, on February 19, 2015, the trial court dismissed the Appellants' complaint as time-barred.

## II.    Issues

Appellants raise the following issues as stated in their brief:

1.    Whether the trial court erred in failing to recognize the HIPAA form delivered to each Appellee was adequate to obtain the complete relevant medical records of Melinda Dolman (deceased) in accord with T.C.A. §29-26-121.
2.    Whether the trial court erred by failing to recognize that Appellants had substantially complied with the directives of T.C.A. §29-26-121, and there was no prejudice to Appellees.

## III.    Standard of Review

The Appellees properly filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02. *Myers v. AMISUB (SFH), Inc.,* 382 S.W.3d 300, 307 (Tenn. 2012) ("The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 is to file a Tennessee Rule of [Civil] Procedure 12.02 motion to dismiss."). The issues before us pertain to a matter of law. The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn,* 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

3

The question of whether [plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings.

*Myers,* 382 S.W.3d at 307-08 (citing *Starr v. Hill,* 353 S.W.3d 478, 481-82 (Tenn. 2011)). This court reviews a "trial court's decision to excuse compliance under an abuse of discretion standard." *Id.* at 308. "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.,* 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner,* 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting the Act beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.,* 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn. 2004).

## IV. Analysis

Appellants argue that the HIPAA form delivered to each Appellee was sufficient to allow Appellees to obtain decedent's complete medical records. Tennessee Code Annotated section 29-26-121(a)(2)(E) states, in pertinent part, that:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant . . . .
>
> (2) The notice shall include:

4

* * * *

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records *from each other provider being sent a notice.*

Tenn. Code Ann. § 29-26-121 (emphasis added). In its February 19, 2015 order, the trial court found that the Appellants had failed to provide the Appellees with a HIPAA- compliant medical authorization that would allow them to request medical records from all other noticed providers as required by statute. Specifically, Appellees assert that the medical authorizations only allow the release of records from Methodist LeBonheur Healthcare. Therefore, Appellees contend that the authorizations did not enable them to obtain the records of the other providers named in the complaint, or to obtain the records of Mid-South Pulmonary Specialists and Dr. Ellis who were sent pre-suit notices but not named in the complaint. The HIPAA forms that Appellants submitted provide in relevant part:

> The family of Dolman, Melinda, does hereby authorize Methodist LeBonheur Healthcare and its affiliates to release to _____ the medical records prepared by personnel of the hospital, or by staff physicians or other healthcare providers during the referenced admission, relating to my treatment in said facility…

Appellants argue that because the authorization refers to "Methodist LeBonheur Healthcare and its affiliates," and all Appellees are allegedly affiliates of Methodist LeBonheur Healthcare, the authorizations are sufficient to enable all of the Appellees to obtain the complete relevant medical records from each provider as required by Tennessee Code Annotated 29-26-121(a)(2)(E). Accordingly, Appellants ask this Court to take judicial notice that all of the entities appearing on the pre-suit notice are affiliates of Methodist Hospital.

Judicial notice is "a method of dispensing with the necessity for taking proof." *State ex rel. Schmittou v. City of Nashville*, 208 Tenn. 290, 345 S.W.2d 874, 883 (1961). "Judicial notice is generally defined as a judge's utilization of knowledge other than that derived from formal evidentiary proof in the pending case." *Counts v. Bryan*, 182 S.W.3d 288, 291 (Tenn. Ct. App. 2005). Tennessee Rule of Evidence 201 governs judicial notice of adjudicative facts. A judicially noticed fact must be one that is not subject to reasonable dispute. Tenn. R. Evid. 201(b). It must be either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Tenn. R. Evid. 201(b).

> [A]djudicative facts help to "explain who did what, when, where, how, and with what motive and intent." Another definition is a fact "to which the law is applied in the process of adjudication." They are the facts that normally go to the jury in a jury case. They relate to parties, their activities, their properties, their businesses.

*Counts v. Bryan*, 182 S.W.3d at 292 (internal citations omitted). Historical facts, such as who, what or when, are more likely to satisfy this criteria, as opposed to opinions, which are more likely to be subject to dispute. *Id.* at 293.

The Rules of Appellate Procedure specifically provide this Court with the authority to take judicial notice. Courts "may consider ... any additional facts ... judicially noticed." Tenn. R.App. P. 13(c). The Tennessee Supreme Court has concluded that courts "may take judicial notice whether requested or not and may do so at any stage of the proceeding. This rule applies to both trial and appellate courts. . . . Further, even when a trial court fails to take judicial notice, the appellate courts may do so upon review." *State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009).

In support of their request for judicial notice, Appellants allege that Dr. Ellis arranged for Dr. Shelton and Dr. Donovan to perform a thoracentesis on Ms. Dolman while she was in the hospital. Relying on this fact, Appellants conclude that these doctors and their practices are affiliates of Methodist Hospital. To support their position, Appellants attached, to their brief, two pages printed from the internet. One page is from the Mid-South Pulmonary Specialists website and states that Dr. Ellis is the Medical Director of the ICU at Methodist Germantown Hospital. The second page is from the Medicare healthcare professional profile page, and it states that Dr. Ellis has "hospital affiliations" at Methodist Healthcare Memphis Hospitals. These two pages are the only indication that Dr. Ellis has any type of working relationship with Methodist LeBonheur Healthcare. Additionally, Appellants argue that Memphis Radiological, P.C. and Methodist Healthcare established Memphis Vascular Center in 2001, thereby making Memphis Radiological, P.C. and Memphis Vascular Center affiliates of Methodist LeBonheur Healthcare. In the first instance, the term "affiliate" may denote myriad affiliations, not all of which would suffice to allow access to a patient's medical records. Appellants' rather sparse evidence regarding affiliation does not reveal the extent of Appellees' right of access to the hospital's records.

In *Stevens v. Hickman Cmty. Health Care, Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013), the Tennessee Supreme Court opined that "[b]ecause HIPAA itself prohibits medical providers from using or disclosing a plaintiff's medical records without a fully compliant authorization form, it is a threshold requirement of the statute that the plaintiff's medical

authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Id.* (citing 45 C.F.R. § 164.508(a)(1)). In this regard, the relationship between Appellees and Methodist LeBonheur Healthcare is not a "fact that is generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Consequently, we are unable to take judicial notice of any alleged affiliation between Methodist LeBonheur Healthcare and the other medical providers named in Appellants' pre-suit notice. We further note, in reviewing Appellants' complaint, the absence of any allegation that Memphis Vascular Center, Memphis Radiological, P.C., Brixey Shelton, M.D., and Timothy Donovan, M.D. are affiliates of Methodist LeBonheur Healthcare.

Appellants also argue that they "substantially complied with the directives of Tennessee Code Annotated section 29-26-121, and that there was no prejudice to [Appellees]." In support of this contention, Appellants assert that the Appellees could not have been prejudiced because they never attempted to obtain medical records with the medical authorization provided in the pre-suit notice. We have addressed this argument before.

In the *Stevens* case, our Supreme Court held that to determine substantial compliance, "courts must view both: (1) the extent of the noncompliance; and (2) whether the noncompliance frustrated the purpose of section 29–26–121, or otherwise prejudiced the defendants." *Phillips v. Casey*, No. E2014-01563-COA-R9-CV, 2015 WL 4454781, at *6 (Tenn. Ct. App. E.S., filed July 21, 2015) (citing *Stevens,* 418 S.W.3d at 556). The purpose of Tennessee Code Annotated section 29-26-121(a)(2)(E) goes beyond giving notice of a potential claim and instead intends to "equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." *Stevens*, 418 S.W.3d at 555.

In the case of *Roberts v. Prill*, No. E2013-02202-COA-R3CV, 2014 WL 2921930, at *5-6 (Tenn. Ct. App. June 26, 2014), the plaintiff/appellant alleged that dismissal was not warranted when "there [was] no proof in the record of any failed attempt to gain the records of [Decedent]. . . ." *Id*. The appellant in *Roberts* argued that the onus should be on the defendant/appellees to test the sufficiency of the medical authorization. This Court likened the argument to the argument rejected in *Stevens*, 418 S.W.3d at 559, namely that defendants should have informed plaintiff of the errors in the form before filing a motion to dismiss. As noted in *Stevens*, "Plaintiff—not Defendants—[is] responsible for complying with the requirements of section 29-26-121(a)(2)(E)." *Roberts*, 2014 WL 2921930, at *5-6 (citing *Stevens*, 418 S.W. 3d at 559).

Relying on this Court's recent opinion in *Hughes v. Henry County Medical Center*,

No. W2014-01973-COA-R3-CV (Tenn. Ct. App. June 9, 2015), Appellants also contend that Appellees were not prejudiced because no other relevant medical records existed other than those in possession of Methodist Hospital. In *Hughes*, Appellants filed a health care liability action against a physician and a hospital. *Id*. at *2. The medical records authorization provided with the pre-suit notice letter contained a clerical error that did not permit the hospital to obtain medical records from the physician. *Id*. at *2-3. The Appellees filed a motion to dismiss the action for failure to comply with Tennessee Code Annotated section 29-26-121(a)(2)(E), and the trial court granted the motion. *Id*. On re-hearing, at the request of the Appellants, the hospital's counsel admitted that the physician possessed no medical records and there was no actual prejudice resulting from the Appellants' noncompliance. *Id*. at *4. Ultimately, the trial court found that the lack of actual prejudice was not determinative and concluded that the Appellants failed to substantially comply with Tennessee Code Annotated section 29-26-121(a)(2)(E). *Id*. This Court reversed the trial court's ruling on the ground that the hospital admittedly was not prejudiced and was able to evaluate the merits of the claim despite the error in the authorization. *Id*. at *14.

Unlike in *Hughes*, Appellees here do not concede that they are not prejudiced by their lack of access to other medical records. Rather, as noted above, Appellees aver that they do not know whether any of the other noticed providers have any relevant medical records because they were not given an opportunity to request or obtain records from each of the other noticed providers due to Appellants' failure to comply with the mandates of Tennessee Code Annotated section 29-26-121(a)(2)(E). During the hearing, Appellants' counsel referenced a fax from Mid-South Pulmonary Specialists stating that Ms. Dolman had not been treated at Mid-South Pulmonary Clinic. This fax, however, was not attached to the pre-suit notice. Furthermore, there was no indication that the other defendants would have seen the fax from Mid-South Pulmonary Specialists. The record does not support Appellants' contention that the Appellees knew that the only relevant medical records were in the possession of Methodist LeBonheur Healthcare, or that Appellees were not prejudiced.

### Conclusion

For the foregoing reasons, we affirm the order of the trial court. We remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellants, Monica Isom, Patrice Benson, Kelsey Dolman, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

8