IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 15, 2017 Session

## ORION FEDERAL CREDIT UNION v. FITZGERALD BREWER

**Appeal from the Circuit Court for Shelby County**
**No. CT-005066-16  James F. Russell, Judge**

_____

### No. W2017-00944-COA-R3-CV

_____

This is a post-foreclosure unlawful detainer action in which Orion Federal Credit Union, after purchasing the property at foreclosure, was awarded a judgment for possession of the property by the general sessions court. The prior owner refused to surrender the property and appealed the judgment for possession to the circuit court. Orion filed a motion for judgment on the pleadings, which was granted. The trial court also issued Orion a writ of immediate possession, and Orion took possession of the property. The prior owner appeals the trial court's grant of the motion for judgment on the pleadings. Because we have determined the case is moot, we dismiss.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOE G. RILEY, SP. J., joined.

Archie Sanders, Memphis, Tennessee, for the appellant, Fitzgerald Brewer.

Michael C. Patton, Memphis, Tennessee, for the appellee, Orion Federal Credit Union.

### OPINION

### BACKGROUND AND PROCEDURAL HISTORY

This appeal arises from a post-foreclosure, unlawful detainer action, which Orion Federal Credit Union ("Appellee," or "Orion") filed to gain possession of a residential property located in Bartlett, Tennessee (the "Subject Property"). Before the foreclosure and subsequent sale, Fitzgerald Brewer ("Appellant") owned the Subject Property.[1] The

_____

[1] Brewer was the owner of record of the property and the signatory on the deed of trust to Orion prior to the foreclosure.

foreclosure sale of the Subject Property occurred on October 7, 2016, and Orion was the successful bidder at the sale. However, Mr. Brewer refused to surrender the premises.

On October 17, 2016, Appellee initiated this action by filing a detainer warrant in the Shelby County General Sessions court.[2] According to the warrant, on October 21, 2016, the resident of the Subject Property was served with the detainer warrant.[3]

On November 22, 2016, after a hearing, the general sessions court granted possession to Orion, and Mr. Brewer timely appealed to the circuit court. Mr. Brewer continued to refuse to surrender the Subject Property. On February 3, 2017, Orion filed a "Motion to Compel Defendant to Pay Rent During Pendency of Appeal," and on February 23, 2017, it filed a motion for judgment on the pleadings and a memorandum in support of its motion. In the memorandum, Appellee alleged that it had initiated foreclosure proceedings against Mr. Brewer and the Subject Property in September of 2016. Orion also stated that it purchased the Subject Property at foreclosure, and that the property was transferred by trustee's deed to Orion at the conclusion of the successful foreclosure proceedings. Orion averred that it was compelled to initiate this unlawful detainer action to gain possession of the Subject Property because Mr. Brewer had failed to vacate the premises despite the foreclosure. Although Appellant opposed Orion's motion for judgment on the pleadings, on April 7, 2017, the circuit court granted Orion's motion and dismissed Mr. Brewer's appeal from the general sessions court.

Also, on April 7, 2017, the circuit court issued a writ of immediate possession to Orion. On April 8, 2017, Orion took possession of the Subject Property. Mr. Brewer timely appealed the circuit court's grant of Orion's motion for judgment on the pleadings.

## ISSUES PRESENTED

Mr. Brewer raises the following issue for our review:

- Whether the trial court properly granted Plaintiff's Motion for Judgment on the pleadings?

Appellee, Orion, in turn, raises the following issues:

- Whether the issues before the Court are moot as Mr. Brewer is no longer in possession of the Subject Property.

---

[2] A detainer warrant is "an action to regain possession of the premises and recoup damages." *Johnson v. Hopkins*, 432 S.W.3d 840, 842 (Tenn. 2013).

[3] According to the Appellee's brief, it was Mr. Brewer's brother who continued to occupy the property after the foreclosure.

- Whether the trial court properly granted a Judgment for Possession to Orion?

**STANDARD OF REVIEW**

"Determining whether a case is moot is a question of law." *See Harriet Tubman Dev./CHA v. Locklin*, 386 S.W.3d 239, 242 (Tenn. Ct. App. 2012) (quoting *All. for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338–39 (Tenn. Ct. App. 2005)).

**ANALYSIS**

We will first consider whether this case is rendered moot because Mr. Brewer has surrendered the premises to Orion pursuant to the trial court's judgment. Appellant's counsel conceded in his reply brief and at oral argument that his client has surrendered possession of the premises to Orion. It is also undisputed that Orion has sold the property to a third party.[4] Appellant argues that, regardless, the case is not moot. In the alternative, Appellant argues that this Court should decline to hold the case is moot and apply the "collateral consequences" doctrine. We disagree.

Justiciability is a threshold inquiry. *See City of Memphis v. Hargett*, 414 S.W.3d 88, 95 (Tenn. 2013) (citing *UT Med. Grp., Inc., v. Vogt*, 235 S.W.3d 110, 119 (Tenn. 2007)). The court may only decide issues that place some real interest in dispute, and are not merely "theoretical or abstract." *Id*. (citing *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008); *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*, 301 S.W.3d 196, 203 (Tenn. 2009)). "A justiciable issue is one that gives rise to a genuine, existing controversy requiring the adjudication of presently existing rights." *Id*. (citation and internal quotation marks omitted). Mootness is the justiciability doctrine implicated in this appeal. Because we must first consider questions of justiciability, we turn to consider whether Mr. Brewer's surrender of the Subject Property, and its subsequent sale render this case moot.

The Tennessee Supreme Court recently explained the doctrine of mootness as follows:

> To be justiciable, an issue must be cognizable not only at the inception of the litigation but also throughout its pendency. An issue becomes moot if an event occurring after the commencement of the case extinguishes the

---

[4] Tennessee Rule of Evidence 201(b)(2) allows this court to take judicial notice of facts that are "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Counts v. Bryan*, 182 S.W.3d 288, 293 (Tenn. Ct. App. 2005). "The result of taking judicial notice of a fact is the establishment of the admission of that fact into evidence." *Id*. at 291. Although these undisputed facts arose post-judgment, we take judicial notice that Appellant has vacated the premises, and Orion has sold that property.

legal controversy attached to the issue, or otherwise prevents the prevailing party from receiving meaningful relief in the event of a favorable judgment. This Court has recognized a limited number of exceptional circumstances that make it appropriate to address the merits of an issue notwithstanding its ostensible mootness: (1) when the issue is of great public importance or affects the administration of justice; (2) when the challenged conduct is capable of repetition and evades judicial review; (3) when the primary dispute is moot but collateral consequences persist; and (4) when a litigant has voluntarily ceased the challenged conduct.

*Id*. (internal citations and quotation marks omitted). It is Appellant's position that this appeal is not moot, and that, if it is moot, the court should apply the "collateral consequences" exception and proceed to analyze the merits of Appellant's claim.

As previously mentioned, this unlawful detainer action was initiated by Orion for the purpose of gaining possession *only* of the Subject Property following its purchase of the subject property at foreclosure. "When a detainer action is 'brought against the maker of a deed of trust who, after default and foreclosure, refused to surrender possession of the property,' the party seeking to gain possession by way of a summary detainer proceeding must rely on the action of 'unlawful detainer.'" *Biles v. Roby*, No. W2016–02139–COA–R3–CV, 2017 WL 3447910, at *2 (Tenn. Ct. App. Aug. 11, 2017) (quoting *CitiFinancial Mortg. Co. v. Beasley*, No. W2006–00386–COA–R3–CV, 2007 WL 77289, at *7 (Tenn. Ct. App. Jan. 11, 2007)). The legislative intent behind the creation of unlawful detainer actions was to provide a streamlined, inexpensive, summary procedure to determine the rights to possession of land. *Beasley*, 2007 WL 77289, at *6 (citing *Newport Hous. Auth. v. Ballard*, 839 S.W.2d 86, 89 (Tenn. 1992)). The sole purpose of an unlawful detainer action, including in the case at issue, is for the rightful party to obtain a judgment for possession of the Subject Property and obtain a writ of possession to gain control of the Subject Property from an unlawful occupant. *Id.* at *5-6 ("FED actions cannot be resolved in favor of a claimant when title, if bearing directly on his immediate right to possession, is questionable.")

Orion asserts that Mr. Brewer's appeal—based solely on his claim that the motion for judgment on the pleadings was granted in error—is moot because the controversy that initiated Orion's unlawful detainer action no longer exists. Specifically, Orion argues that Mr. Brewer is no longer in possession of the Subject Property, and the Subject Property has been sold to a bona fide purchaser. Mr. Brewer does not dispute these facts, but argues that we should reverse the trial court's grant of Orion's motion for judgment on the pleadings. We note that Mr. Brewer filed no counterclaim in the Circuit Court in the proceedings below. His argument on appeal is merely that we should reverse the trial court because the trial court made a procedural error and that we should not consider the case to be moot because of "collateral consequences" to Mr. Brewer. Again, we emphasize, an unlawful detainer action concerns only possession of the property. Mr.

Brewer has vacated the property and a bona fide purchaser has taken possession. These facts are sufficient to show that the case has lost its controversial character. "A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *See Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty*, 301 S.W.3d 196, 204 (Tenn. 2009) (citation omitted). Mr. Brewer may have other remedies at law. However, there is no remedy available to Mr. Brewer in this unlawful detainer action, even if this Court reversed the trial court's grant of Orion's motion for judgment on the pleadings.

Finally, relying on *Harriet Tubman*, Mr. Brewer argues that this case fits within the "collateral consequences" exception to the general applicability of the mootness doctrine because, he argues, there are financial consequences to his eviction. *Harriet Tubman*, 386 S.W.3d at 243. In *Harriet Tubman*, the Public Housing Authority (PHA) filed an unlawful detainer action against a family residing in public housing after the family was involved in an incident with their neighbors. *Id*. at 241. The PHA succeeded at a bench trial, and the family vacated the residence. *Id*. at 241–42. The family then appealed to this Court claiming that the decision to evict them was arbitrary and without due process, but the PHA claimed that the appeal was moot because the family had already vacated the premises. *Id*. at 242–43. Relying on the "collateral consequences" exception, this Court declined to hold that the case was moot and proceeded to evaluate the merits of the family's claim. *Id*. at 243. We explained that the family would not be permitted to live in public housing for five years if the eviction was upheld because the case was dismissed as moot, and this justified proceeding to evaluate the merits of their claim. *Id*.

Relying on *Harriet Tubman*, Appellant argues that this Court should apply the "collateral consequences" exception to his appeal. Appellant cites consequences including damage to his credit rating, consequential damages associated with having to move, and the loss of equity in the property. We emphasize that this unlawful detainer action is an entirely separate proceeding from the preceding foreclosure action. Any such consequences arising from the foreclosure are not implicated in this appeal. Accordingly, we decline to hold that this case falls within the "collateral consequences" exception, and conclude that this case is moot.

## CONCLUSION

Based on our finding that the appeal is moot, it is dismissed. Costs of the appeal are assessed against Appellant, Fitzgerald Brewer, and his surety, for all of which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE