IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 1, 2023

**ANNALIESE POTTER v. PAUL ISRAEL**

**Appeal from the Circuit Court for Johnson County**
No. CC-2020-CV-70      Suzanne Cook, Judge
_____

**No. E2023-00486-COA-R3-CV**
_____

In this breach of contract case, the trial court awarded Appellee damages for Appellant's failure to perform his obligations under a construction contract in a workmanlike manner. Appellant appealed. Due to deficiencies in Appellant's brief, we do not reach the substantive issues and dismiss the appeal.

**Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Paul Israel, Mountain City, Tennessee, appellant, pro se.

David N. Darnell, Kingsport, Tennessee, for the appellee, Annaliese Potter.

**OPINION**

**I. Background**

In March 2020, Appellant Paul Israel entered into a contract with Appellee Annaliese Potter for the installation of a front and rear deck, steps, and siding on Appellee's home. The original contract price for this work was $24,450.00. In August 2020, Appellant completed the foregoing work on Appellee's home, and he was paid in full for his services.

On December 11, 2020, Appellee filed a complaint for breach of contract, breach of warranty, and negligence in the Circuit Court for Johnson County, Tennessee (the "trial court"). Specifically, Appellee alleged that Appellant failed to perform the installation in a workmanlike manner and sought damages of $24,458.92 for the cost of repairs. On

January 6, 2021, Appellant filed an answer denying Appellee's claims. On May 6, 2021, Appellant filed an amended answer and counter complaint.

On March 6, 2023, the trial court heard the case. In its final order of March 28, 2023, the trial court concluded that Appellant failed to perform the installation on Appellee's home in a workmanlike manner and awarded Appellee $24,450.00, the original contract price.[1] Appellant timely appealed.

## II. Discussion

Appellant raises three issues for review, as stated in his brief:

1. Did the trial court judge err in announcing to the court that "I want to get it done today" and/or I am "prepared to rule"?

2. [] Did the trial court judge err in assessing the full contract price to the appellant instead of the costs of damages v. value[?]

3. Did the trial court judge err in assessing the full contract price for the appellant instead of the costs as would regard the steps and/or siding only[]?

While we are cognizant of the fact that Appellant is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen*., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc*., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)). With the foregoing in mind, we turn to address Appellant's briefing.

### A. Facts Considered on Appeal

Appellant attached, to his initial appellate brief, two affidavits that he references in the statement of the case in his initial brief and in the argument portion of his reply brief. These affidavits do not appear in the record from the trial court. The only facts this Court may consider on appeal are those "established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered

---

[1] Appellant withdrew his counter complaint at trial.

- 2 -

pursuant to rule 14." Tenn. R. App. P. 13(c).[2] Tennessee Rule of Appellate Procedure 14(a) states that appellate courts may consider "facts concerning the action that occurred *after* judgment." Tenn. R. App. P. 14 (emphasis added). On this Court's review, the affidavits do not concern facts that occurred after judgment. Accordingly, we do not consider the affidavits as part of our review of this appeal.

## B. Appellant's Failure to Argue

We do not reach the substantive issues in this case because Appellant's brief fails to comport with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee in that it fails to include a valid argument with relevant citations to both the record and legal authority. Tennessee Rule of Appellate Procedure 27(a)(7)(A) provides that an appellant's brief *shall contain an argument* setting forth "the contentions of the appellant with respect to the issues presented . . . with citations to the authorities and appropriate references to the record . . . ." Tenn. R. App. P. 27(a)(7)(A). Similarly, the Rules of the Court of Appeals "set forth the format and content of the written argument in regard to each issue on appeal." *Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000). Specifically, Rule 6(a) provides that the written argument for each issue *shall* contain:

> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.
>
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

---

[2] Judicial notice is

"a method of dispensing with the necessity for taking proof." *State ex rel. Schmittou v. City of Nashville*, 345 S.W.2d 874, 883 ([Tenn.] 1961). "[It] is generally defined as a judge's utilization of knowledge other than that derived from formal evidentiary proof in the pending case." *Counts v. Bryan*, 182 S.W.3d 288, 291 (Tenn. Ct. App. 2005) . . . Historical facts, such as who, what or when, are more likely to satisfy this criteria, as opposed to opinions, which are more likely to be subject to dispute. [*Counts*, 182 S.W.3d at 293].

*Bank of Am., Nat'l Ass'n v. Meyer*, No. M2014-01123-COA-R3-CV, 2015 WL 1275394, at *2-3 (Tenn. Ct. App. Mar. 17, 2015).

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a). Rule 6(b) provides that "[n]o complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." Tenn. R. Ct. App. 6(b).

The Tennessee Supreme Court has stated that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and *where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument*, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup. Ct**., 301 S.W.3d 603, 615 (Tenn. 2010) (emphasis added); *see also* **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal.").

Appellant's entire argument concerning the first issue is a recitation of portions of Rule 10 of the Code of Judicial Conduct, to-wit:

It is the position of the Appellant that the Judge presiding over this case did not allow the Attorneys enough time to call their witnesses and, therefore, did not have a complete understanding of the facts of the case.

*** 

Rule 10-Code of Judicial Conduct
Canon 1 – "A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."

Canon 2 – "A judge shall perform the duties of judicial office impartially, competently, and diligently."

and

**Tenn. R. Sup. Ct. 2[.]10 - Judicial Statements on Pending and Impending Cases**

(A) "A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or

- 4 -

impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing."

Appellant fails to cite to the record to show that the trial court denied any of his request(s) to call additional witnesses, *i.e.,* Appellant fails to show "where the erroneous or corrective action [of the trial court] is recorded" and how "such error was seasonably called to the attention of the trial judge." Tenn. R. Ct. App. 6(a)(1), (2). Furthermore, Appellant fails to make any substantive argument to show how the trial court's actions violated any of the above rules of judicial conduct. *See* Tenn. R. App. P. 27(a)(7)(A).

Concerning the second issue, Appellant's entire argument, as it appears in his brief, is:

> Determining Damages:
>
> The Appellant would show that the itemized texts of the Appellee clearly set forth that the Appellee on the 25th day of April, 2020 states, "Just wanted to let you know that I Called Farm Bureau and told my agent what we had done so far and he raised it $20,000.00 … so all is good".
>
> 1) "Diminuti[on] in value is a measure of damages or loss based on the decrease in value of something caused by a breach in contract. It is calculated by subtracting the value of the property in the condition promised on or before the harm from the value as it exists or after the harm".
>
> The Appellant verily believes that the failure of the Appellee to complete her work agreed to was the direct and proximate cause of damage incurred to the property, if any. Clearly, any cost for damage would be the sole responsibility of the Appellee.
>
> "Tennessee Business Litigation Lawyers Blog"
> "Damages for Construction Defects in Tennessee",
> December 21, 2020, by J. Ross Pepper. "Damages is sometimes referred to as "diminution in value" or "Diminution damages".
>
> USLAW Network, Inc.—State of Tennessee Construction Law Compendium, prepared by Shea Sisk Wellford Dillan C. McQueen, Martin, Tate, Morrow & Marston, P.C. "Stigma Damages/Diminution in Value "Tennessee Courts have "uniformly held that the measure of damages for injury to real estate is the difference between the

reasonable market value of the premises immediately prior to [] and immediately after injury, but if the reasonable cost of repairing the injury is less than the depreciation in value, the cost of repair [i]s the lawful measure of damages." Redbud Coop. Corp. v. Clayton, 700 S.W.2d 551, 560 (Tenn. Ct. App. 1985) (citing Fuller v. Orkin Extermination Co., 545 S.W.2d 103, 108 (Tenn. App. 1975)).

However, in cases where the diminution in value is greatly exceeded by the cost of repair or completion, courts have held that the appropriate damages should equal the diminution in value. Id. This alternative is applicable only when proof has been offered on both the cost of repair and the diminution of value. GSB Contractors, Inc. v. Hess, 179 S.W.3d 535, 543 (Tenn. Ct. App. 2005).

Appellant again fails to cite to the record to support his allegation that Appellee failed to complete her portion of the agreed upon work. *See* Tenn. R. Ct. App. 6(a)(4). Appellant also fails to develop his argument concerning why Appellee's alleged failure "was the direct and proximate cause of damage incurred to the property." *See* Tenn. R. App. P. 27(a)(7)(A). Furthermore, Appellant provides no substantive argument as to how the trial court erred in its damages calculation nor does he provide a record citation to the trial court's ruling. *See* Tenn. R. App. P. 27(a)(7)(A); Tenn. R. Ct. App. 6(a)(1). Lastly, Appellant provides little legal argument to support his position. Indeed, on this Court's review, the bulk of the above "argument" is simply quoting either a legal blog, *see* J. Ross Pepper, *Damages for Construction Defects in Tennessee*, TENNESSEE BUSINESS LITIGATION LAWYERS BLOG (December 21, 2020), https://www.nashvillebusinesslitigationlawyersblog.com/page/3/, or a legal compendium, *see* Shea Sisk Wellford and Dillan C. McQueen, *State of Tennessee Construction Law Compendium*, US LAW NETWORK, INC. (2021), https://new.uslaw.org/wp-content/uploads/2022/02/Tennessee_USLAW-Construction_Compendium_2021.pdf, and Appellant fails to apply any of the above law to the specific facts of this case to show how the trial court erred in its final ruling. *See* Tenn. R. App. P. 27(a)(7)(A).

As to the last issue, Appellant's entire argument, as it appears in his brief, is:

The presiding Judge did not consider the fact that the only issues at hand was that of the siding and a few concerning the steps. Should she have considered the "Estimate" as contained within the "R", she would have seen and understood that amount was simply "$6,100.00" instead of $24,450.00.

There were no additional complaints.

- 6 -

The Appellant would, also, show that there exists a Warranty upon the siding if the fact that the Appellee did not paint it does not render it unenforceable.

> State of Tennessee Construction Law Compendium, prepared by Shea Sisk Wellford Dillan C. McQueen, Martin, Tate, Morrow & Marston, P.C. "Tennessee Courts have held that "as a general rule, the measure of damages for defects and omissions in the performance of a construction contract is the reasonable costs of the required repairs". GSB Contractors, Inc. v. Hess, 179 S.W.3d 535, 543 (Tenn. Ct. App. 2005) (Internal citations omitted).

As with his other two "arguments," Appellant again fails to provide citations to the record. Appellant also provides no citation to the record or to legal authority, and no substantive discussion to support his warranty argument. Again, the only legal argument in this portion of his brief is a quote from the compendium, discussed *supra*, *see* Shea Sisk Wellford and Dillan C. McQueen, *State of Tennessee Construction Law Compendium*, US LAW NETWORK, INC. (2021), https://new.uslaw.org/wp-content/uploads/2022/02/Tennessee_USLAW-Construction_Compendium_2021.pdf, and Appellant fails to use this law to develop any clear argument to support his allegations concerning this third issue.[3]

The above "arguments" are woefully deficient in meeting the requirements of Tennessee Rule of Appellate Procedure 27(a)(7)(A) and Rule 6 of the Rules of the Court of Appeals of Tennessee. In the absence of any cogent argument, this Court is placed in the position of having to make Appellant's arguments for him; this we cannot do. As noted above, it is not our role to research or construct litigants' arguments for them. *See Sneed*, 301 S.W.3d at 615. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [party] did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928)). Indeed, "appellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009) (Koch, J., concurring in part). Appellant's failure to: (1) provide relevant citations to the record and to the trial court's ruling, (2) provide substantive legal authority, and (3) make any cogent argument concerning any of his issues precludes our review of same and results in a waiver of the issues. *See Sneed*, 301 S.W.3d at 615.

---

[3] As mentioned above, Appellant filed a reply brief in this matter. A reply brief may be filed by an appellant "in reply to the brief of the appellee." Tenn. R. App. P. 27(c). On this Court's review, Appellant's reply brief suffers the same deficiencies as his initial brief in that it also fails to make appropriate citations to the record and legal authority and fails to develop any coherent arguments to support Appellant's request for relief.

## C. Appellee's Procedural Deficiency

For completeness, we note that in the conclusion of her appellate brief, Appellee argues that the trial court erred in awarding her damages of $24,450.00, the initial contract price, and she asks that this Court award her $24,630.00, the repair estimate provided by Appellee's witness at trial. "Tennessee Rule of Appellate Procedure 27(b) provides that if an appellee requests relief from this Court, 'the brief of the appellee *shall* contain the issues and arguments involved in his request for relief . . . .'" ***In re Est. of Stokes***, No. W2021-00249-COA-R3-CV, 2022 WL 484565, at *6 (Tenn. Ct. App. Feb. 17, 2022) (citing Tenn. R. App. P. 27(b)). "Any issue not included in the statement of issues presented for review as required by Tennessee Rule of Appellate Procedure 27(b), is not properly before the Court of Appeals." ***Stokes***, 2022 WL 484565, at *6 (citing ***Hawkins v. Hart***, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001)). Because Appellee failed to designate her damages argument as an issue on appeal, she has waived it.

## III. Conclusion

For the forgoing reasons, the appeal is dismissed. Costs of the appeal are assessed to the Appellant, Paul Israel, for all of which execution may issue if necessary.


      s/ Kenny Armstrong
      KENNY ARMSTRONG, JUDGE