**Johnathan Lee MCDONOUGH**

**v.**

**Sloan Marie MCDONOUGH**

Court of Appeals of Tennessee,
At Nashville.

January 27, 2016 Session

Filed May 26, 2016

Donald Capparella and Elizabeth Sitgreaves, Nashville, Tennessee, for the appellant, Johnathan Lee McDonough.

Michael K. Williamson and Tracy P. Knight, Clarksville, Tennessee, for the appellee, Sloan Marie McDonough (now Langelier).

## OPINION

D. Michael Swiney, Chief Judge, delivered the opinion of the court, in which Richard H. Dinkins and W. Neal McBrayer, JJ., joined.

Johnathan Lee McDonough ("Father") appeals the order of the Circuit Court for Montgomery County ("the Trial Court") denying Father's post-divorce petition to relocate to Arizona with the parties' three minor children ("the Children"), and granting Sloan Marie McDonough ("Mother") primary residential custody of the Children. Father raises an issue with regard to whether the Trial Court erred in finding that Mother's counter-petition was filed timely, and because of this alleged error, erred in not allowing Father to relocate with the Children pursuant to Tenn.Code Ann. § 36–6–108. We find and hold that Father failed to prove that he provided the required notice to Mother of the relocation pursuant to Tenn.Code Ann. § 36–6–108, and, therefore, the statutory response pe-

riod never was triggered. As such, we find no error in the Trial Court's determination that Mother's counter-petition was filed timely, and we affirm the Trial Court's order denying Father's petition to relocate with the Children.

## Background

Father and Mother were divorced in January of 2012. All three of the Children born of the marriage are still minors. Initially, pursuant to the Permanent Parenting Plan entered in connection with the divorce decree, Mother was named as the primary residential parent with Mother granted .245 days per year with the Children and Father granted 120 days.

In November of 2012 Father filed a petition seeking to modify the Permanent Parenting Plan. Mother answered Father's petition and filed a counter-petition seeking a new Permanent Parenting Plan. The parties attempted mediation unsuccessfully. The Trial Court appointed a guardian ad litem for the children pursuant to Tenn. Sup.Ct. R. 40A. Mother filed a motion seeking to suspend Father's visitation with the Children. In February of 2014, the Trial Court entered an Agreed Order, *inter alia*, temporarily modifying the Permanent Parenting Plan to grant Father and Mother "equal parenting time with the children on a week to week basis exchanging on Friday after school," and reserving the issue of who would be named the primary residential parent, among other things.

On September 11, 2014 the Trial Court entered an order designating Father as the primary residential parent after finding and holding, *inter alia*, that the parties agreed "that each party would receive 182.5 days with the minor children." The September 11, 2014 order also stated: "Both parties suggested to the court that

they may be moving soon due to military reassignments and/or remarriages."

The same day that this order was filed, September 11, 2014, Father filed a petition seeking to modify the Permanent Parenting Plan to allow him to relocate with the Children alleging, in pertinent part:

5. The Father did make it known at the final hearing that he anticipated receiving Orders from the United States Army requiring him to relocate to another state.

6. The Father has received Orders to relocate to Ft. Huachuca Arizona with a report date of November 10, 2014.

On October 17, 2014, Mother filed an answer to Father's petition and a counter-petition opposing the relocation. The Trial Court held a hearing on November 17, 2014 and heard testimony on Father's petition and Mother's counter-petition.

At the hearing, Father testified:

Upon receiving the e-mail from my branch manager, which is the person who puts me on orders to Fort Huachuca—upon receiving that e-mail, I read through the parenting plan that stated that I had to submit a certified letter to [Mother] through the mail with intent of where I was going and such and so on, so forth.

I wrote a letter. I put in the copy of my intent, basically, that I was going to request the children to go with me, along with when she would have them, and a copy of the school they would go to from the website and their school calendar from that website, along with I offered to allow them to stay with her up until the end of Christmas break, January 1st, so that she would have some time to be with them.

And it's her year to have Christmas break with them. So I figured that would basically kill two birds with one

stone, and then they would proceed to Fort Huachuca, Arizona, with me.

Father testified that he sent the letter to Mother via USPS certified mail. Father stated: "After sending the letter, I actually called [Mother] the following day and told her the letter was coming and what was in the letter. And she told me she wouldn't·be there to receive it and she would refuse it regardless."

A sealed envelope addressed to Mother and postmarked certified mail on September 5, 2014 along with a copy of the receipt that Father testified showed that he purchased postage for that letter were entered into the record as exhibits. Mother was asked no questions whatsoever about this letter.

After the hearing the Trial Court entered its order on December 16, 2014 finding and holding, *inter alia*:

> MR. MCDONOUGH testified that he received Orders to relocate in September of this year. He was ordered to relocate to a military base in Arizona. The orders to relocate were made Exhibit 2 to·his testimony. MR. MCDONOUGH alleged that he did not have Orders to relocate at the last hearing, but was aware they were coming. The Notice of Relocation was sent in early September. It came back undeliverable, actually unclaimed, but the Court attached the date of September 25, 2014, as the date when the thirty (30) days would start to file a response. That is the date it was returned unclaimed by the United States Postal Service.

The December 16, 2014 order, *inter alia,* denied Father's petition to relocate with the Children, granted Mother custody of the Children, and entered a new Permanent Parenting Plan. Father appeals the December 16, 2014 order to this Court.

### Discussion

Although not stated exactly as such, Father raises two issues on appeal: 1) whether the Trial Court·erred in finding that Mother's counter-petition·was filed timely, and that because of this alleged error, erred in not allowing Father to relocate with the Children pursuant to Tenn.Code Ann. § 36–6–108(g); and, 2) whether Father is entitled to an award of attorney's fees on appeal. Father raises no issues with regard to the remainder of the Trial Court's December 16, 2014 order. Mother raises an issue with regard to whether Father's appeal should be deemed frivolous and also requests an award of attorney's fees on appeal.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R.App. P. 13(d); *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de. novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.,* 58 S.W.3d 706, 710 (Tenn.2001).

We first consider whether the Trial Court erred in finding that Mother's counter-petition was filed timely, and that because of this alleged error, erred in not allowing Father to relocate with the Children pursuant to Tenn.Code Ann. § 36–6–108(g). As pertinent, Tenn.Code Ann. § 36–6–108 provides:

**36–6–108. Parental relocation.**

(a) If a parent who is spending intervals of time with a child desires to relocate outside the state or more than fifty (50) miles from the other parent within the state, the relocating parent shall send a notice to the other parent at the other parent's last known address by registered or certified mail. Unless excused by the court for exigent circumstances,

the notice shall be mailed not later than sixty (60) days prior to the move. The notice shall contain the following:

(1) Statement of intent to move;

(2) Location of proposed new residence;

(3) Reasons for proposed relocation; and

(4) Statement that the other parent may file a petition in opposition to the move within thirty (30) days of receipt of the notice.

* * *

(c) If the parents are actually spending substantially equal intervals of time with the child and the relocating parent seeks to move with the child, the other parent may, within thirty (30) days of receipt of notice, file a petition in opposition to removal of the child. No presumption in favor of or against the request to relocate with the child shall arise. The court shall determine whether or not to permit relocation of the child based upon the best interests of the child. The court shall consider all relevant factors including those factors found in § 36–6–106(a)(1)–(15):

* * *

(g) Nothing in this section shall prohibit either parent from petitioning the court at any time to address issues, such as, but not limited to, visitation, other than a change of custody related to the move. In the event no petition in opposition to a proposed relocation is filed within thirty (30) days of receipt of the notice, the parent proposing to relocate with the child shall be permitted to do so.

Tenn.Code Ann. § 36–6–108 (2014). In construing Tenn.Code Ann. § 36–6–108, and specifically subsection (g), this Court has stated: "we conclude that the legislature intended the thirty-day opposition period to be mandatory, and where timely opposition is not rendered, the factors set forth in the statute are not implicated."

*Rutherford v. Rutherford*, 416 S.W.3d 845, 853 (Tenn.Ct.App.2013).

Father argues in his brief on appeal that Mother's petition in opposition to the relocation was not filed within the statutorily-mandated thirty days, and, therefore, he should have been permitted to relocate with the children pursuant to Tenn.Code Ann. § 36–6–108(g). Father's argument is based upon the sealed envelope addressed to Mother entered as an exhibit at trial. Father testified that his letter in the sealed envelope contains "the copy of my intent, basically, that I was going to request the children to go with me, along with when she would have them, and a copy of the school they would go to . . . ."

The envelope, however, was entered into the record sealed, and it remains sealed. As such, it does not prove that Father sent notice to Mother that complies with Tenn. Code Ann. § 36–6–108. We do not make this assertion flippantly. We note that in *Mackey v. Mayfield* we addressed a situation involving a proposed relocation in which the father proved that he sent something to the mother by certified mail, but the proof showed that what was sent was not notice as required by Tenn.Code Ann. § 36–6–108. *Mackey v. Mayfield*, No. E2014–02052–COA–R3–CV, 2015 WL 5882657, at *6 (Tenn.Ct.App. Oct. 8, 2015), *no appl. perm. appeal filed*. The *Mackey* Court held that the evidence was sufficient to rebut the presumption of receipt pursuant to Tenn.Code Ann. § 36–6–108, and, therefore, the mother's petition in opposition to the relocation was not time barred. *Id.*

The factual situation in the instant case is similar to the one in *Mackey* in that while Father proved that he sent something to Mother by certified mail, he failed to prove that the something he sent was the notice required by Tenn.Code Ann.

§ 36–6–108. It may be suggested that since the something that Father sent to Mother appears as an exhibit in the record on appeal that this Court could review the contents of this exhibit to determine whether Father actually sent the required notice. We note that in order to make this determination we would need to open the sealed envelope, something we certainly have the authority to do. If we did this, however, we would be reviewing and basing our decision upon evidence that never was presented to the Trial Court. The evidence presented to the Trial Court with regard to this issue consisted of a sealed envelope and Father's testimony quoted fully above. Father failed to meet his burden to prove his full compliance with the notice requirement of Tenn.Code Ann. § 36–6–108.

■ Importantly, "[t]his Court functions as an 'error-correcting intermediate appellate court.'" *Mosley v. State*, 475 S.W.3d 767, 774 (Tenn.Ct.App.2015) (quoting *Alsip v. Johnson City Med. Ctr.*, No. E2004–00831–COA–R9–CV, 2005 WL 1536192, at *7 (Tenn. Ct.App. June 30, 2005))[1]. We "may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14." Tenn. R.App. P. 13(c). Rule 14 allows us to exercise our discretion to consider "facts concerning the action that occurred after judgment." Tenn. R.App. P. 14. The evidence at issue in this case, *i.e.*, the contents of the sealed envelope made an exhibit at trial, does not concern something that "occurred after judgment," and as such, would not properly be considered a post-judgment fact. Nor are the contents of this sealed envelope entered as an exhibit at trial subject to judicial notice.

As this Court has explained: "The trial court must first be given an opportunity to consider the evidence. This court may not consider evidence which has not been considered by the trial court except matters that may be judicially noticed or post-judgment facts pursuant to Tenn. R.App. P. 14." *Fisher Elec. Supply v. T.W. Frierson*, No. 87–254–II, 1988 WL 23910, at *2 (Tenn.Ct.App. March 16, 1988), *no appl. perm. appeal filed*. "We may not act as a fact finding court, ... or consider evidence that was not heard by the trial court." *Nicholson v. Nicholson*, No. M2008–00006–COA–R3–CV, 2009 WL 3518172, at *7 (Tenn.Ct.App. Oct. 29, 2009), *no appl. perm. appeal filed* (citations omitted).

Given the record on appeal, including the evidence presented to the Trial Court, Father failed to prove that he sent Mother notice of the relocation pursuant to, and in full compliance with, Tenn.Code Ann. § 36–6–108. As such, the thirty-day response period pursuant to the statute never was triggered. We will not consider evidence, *i.e.*, the contents of the sealed envelope, not presented to the Trial Court. Given all this, we find no error in the Trial Court's determination that Mother's petition in opposition to the relocation was filed timely.

Father also argues in his brief on appeal that the Trial Court's ruling "rewards a parent for avoiding receipt of the required notice of relocation." We disagree. If Father had proven that he sent the notice required pursuant to, and in full compliance with, Tenn.Code Ann. § 36–6–108, and then had proven that Mother deliberately avoided receipt of the certified letter containing such notice, the outcome may

---

1. Our Supreme Court affirmed the decision of the Court of Appeals in *Alsip v. Johnson City*
   *Med. Ctr.*, 197 S.W.3d 722 (Tenn.2006).

well have been different. Our holding in this case does not reward a parent who is deliberately avoiding receipt of the notice of relocation. As Father failed to prove that he sent the required notice pursuant to Tenn.Code Ann. § 36–6–108, we will not address the issue of what would happen if the proof showed that a parent deliberately was avoiding receipt of a relocation notice as that issue is not now before us.

■ Before addressing the issue of attorney's fees, we address Mother's issue with regard to whether Father's appeal should be considered frivolous. " 'A frivolous appeal is one that is "devoid of merit," or one in which there is little prospect that [an appeal] can ever succeed.' " *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn.Ct. App.2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn.Ct.App.1995)). In the exercise of our discretion, we decline to hold Father's appeal frivolous.

Both parties request an award of attorney's fees on appeal pursuant to Tenn. Code Ann. § 36–6–108(i), which provides: "Either parent in a parental relocation matter may recover reasonable attorney fees and other litigation expenses from the other parent in the discretion of the court." Tenn.Code Ann. § 36–6–108(i) (2014). In the exercise of our discretion, we decline to award either party attorney's fees on appeal.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Johnathan Lee McDonough, and his surety.