IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 1, 2025

## GERALD KINER v. SHELBY COUNTY GOVERNMENT PUBLIC RECORDS DEPARTMENT

**Appeal from the Chancery Court for Shelby County
No. CH-24-0119, CH-24-1099, CH-24-1098, CH-24-1139, CH-24-1018
James R. Newsom, Chancellor**

_____

**No. W2025-00223-COA-R3-CV**

_____

Appellant asks this Court to order the trial court to remove certain allegedly disparaging comments from the trial transcript and two court orders. Appellant also asks this Court to issue a "letter of reprimand" to the trial judge for the allegedly disparaging comments. Due to the deficiencies in Appellant's brief, and because we cannot grant Appellant the relief he seeks, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Gerald Kiner, Memphis, Tennessee, appellant, pro se.

Katherine L. Frazier and Mariann Tait Barksdale, Memphis, Tennessee, for the appellee, Shelby County Government.

**OPINION**

**I. Background & Issue**

Beginning in February 2024, Appellant Gerald Kiner filed a series of five lawsuits in the Shelby County Chancery Court ("trial court") against Appellee Shelby County Government alleging violations of the Tennessee Public Records Act ("TPA"). Four of the five lawsuits were consolidated. On March 7, 2025, the trial court entered a single final order adjudicating the four consolidated cases and the fifth unconsolidated case.

The trial court's substantive holdings concerning the TPA are not at issue in this

appeal. Rather, as stated in his brief, Appellant's sole issue for our review is:

> Whether the trial court's disparaging remarks, recorded in the court transcript and official [o]rders, should be stricken to prevent ongoing harm to [Appellant's] reputation, mental and physical state, and future legal dealings based on the principles of fairness and impartiality under Liteky v. United States and Caperton v. A.T. Massey Coal Co.

Based on the foregoing issue, Appellant asks this Court for the following relief:

1. **Removal of the Inappropriate Remarks**: [Appellant] requests that the appellate court order the removal of Judge Newsom's inappropriate and defamatory remarks from both the court transcript and the official orders, as they are unsubstantiated, biased, and have caused irreparable harm to [Appellant's] reputation and mental health.

2. **Corrective Action and Sanctions**: While [Appellant] does not seek severe penalties, [Appellant] respectfully requests the lightest possible sanctions be imposed. Out of the past admiration and respect for Judge Newsom, [Appellant] requests a letter of reprimand be issued. [Appellant] acknowledges that while Judge Newsom's actions were harmful, [Appellant] hopes that a measured response will ensure that fairness and professionalism are maintained for others in the future, without severely punishing a figure once held in high regard.

For the reasons discussed below, the relief Appellant seeks is unavailable in this Court.

## II. Discussion

We first note that, while Appellant is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen***., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing ***Paehler v. Union Planters Nat'l Bank, Inc***., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

Before addressing Appellant's issue and requests for relief, we address certain deficiencies in his briefing. Tennessee Rule of Appellate Procedure 27(a) provides explicit

instructions concerning the required contents of an appellate brief. As an initial matter, although Appellant's brief contains the required table of contents and table of authorities, these tables do not contain page numbers indicating where the contents and authorities may be found. *See* Tenn. R. App. P. 27(a)(1), (2). In addition to these tables, the appellate rules also require a statement of the case, which should "indicat[e] briefly the nature of the case, the course of proceedings, and its disposition in the court below." Tenn. R. App. P. 27(a)(5). The statement of the case in Appellant's brief fails to comply with this rule in that it fails to describe the course of the proceedings and/or the case's disposition in the trial court. Rather, the brief provides the following statement:

> This appeal seeks to have inappropriate and disparaging remarks made by Judge Newsom stricken from the court transcript and official [o]rders. These remarks were unwarranted and not necessary for the judicial decisions rendered, causing [Appellant] mental anguish and casting an undue shadow on [Appellant's] character and legal acumen.

Appellant's statement of facts is also deficient. Under the rules, a statement of facts must "set[] forth the facts relevant to the issues presented for review with appropriate references to the record." Tenn. R. App. P. 27(a)(6). As an initial matter, Appellant fails to provide *any* citations to the record to support *any* of his alleged facts. Furthermore, Appellant makes several sweeping and broad allegations, without citing specific facts to support those allegations. Moreover, Appellant makes several statements concerning his alleged involvement in the Memphis community and cites to four exhibits attached to his appellate brief. From our review, these attachments were not presented to the trial court and do not appear in the appellate record. Usually, the only facts this Court may consider on appeal are those "established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14." Tenn. R. App. P. 13(c).[1] Under Tennessee Rule of Appellate Procedure 14, appellate courts may also consider "facts concerning the action that occurred after judgment." Tenn. R. App. P. 14. As discussed above, the four exhibits attached to Appellant's brief were not presented to the trial court and do not appear in the appellate record. Furthermore, these attachments do not contain facts that are subject to judicial notice, nor do they contain facts concerning the action that occurred after judgment. Accordingly, under the foregoing

---

[1] Judicial notice is "a method of dispensing with the necessity for taking proof." **State ex rel. Schmittou v. City of Nashville**, 345 S.W.2d 874, 883 ([Tenn.] 1961). "[It] is generally defined as a judge's utilization of knowledge other than that derived from formal evidentiary proof in the pending case." **Counts v. Bryan**, 182 S.W.3d 288, 291 (Tenn. Ct. App. 2005) . . . . Historical facts, such as who, what or when, are more likely to satisfy this criteria, as opposed to opinions, which are more likely to be subject to dispute. [**Counts**, 182 S.W.3d at 293].

*Bank of Am., Nat'l Ass'n v. Meyer*, No. M2014-01123-COA-R3-CV, 2015 WL 1275394, at *2-3 (Tenn. Ct. App. Mar. 17, 2015).

rules, we will not consider them.

Concerning the argument section of the brief, Tennessee Rule of Appellate Procedure 27(a)(7) provides that a brief must include:

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a)(7). Furthermore, Rule 6 of the Rules of the Court of Appeals, which concerns the briefing requirements, provides:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the

page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6.

Appellant's sole issue on appeal concerns allegedly disparaging remarks from the trial court made in both the trial transcript and court orders. In his notice of appeal to this Court, Appellant indicates that he appeals only the trial court's order on the motion to strike inappropriate comments from court transcript ("motion to strike"). Despite the foregoing, Appellant fails to provide: (1) any citation to the record to show where the allegedly defamatory remarks appear; (2) any description of the substance of the trial court's offending comments; (3) citation to the record where this Court could find the motion to strike and corresponding order; and (4) any legal authority or substantive argument concerning the motion to strike. Rather, Appellant alleges, *inter alia*, that the remarks were "disparaging," "unsubstantiated," "reflected a deep-seated bias" towards Appellant, were made to "discredit" Appellant's "credibility and character," and reflected "a clear intent to damage [Appellant's] reputation and future legal prospects." These are broad generalizations without citation to the record or authority. In short, Appellant's "argument" is not an argument under the foregoing rules. Appellant's failure to cite to the record and to authority, coupled with the lack of any substantive discussion concerning the motion to strike, clearly violates Tennessee Rule of Appellant Procedure 27(a)(7)(A) and Rule 6 of the Rules of the Court of Appeals.

The Tennessee Supreme Court has stated that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and *where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument*, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) (emphasis added); *see also* **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal."). Furthermore, "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [party] did not comply with the rules of this Court." **Bean v. Bean**, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing **Crowe v. Birmingham & N.W. Ry. Co.**, 1 S.W.2d 781 (Tenn. 1928)). Despite the foregoing deficiencies in Appellant's brief, we briefly turn to discuss his specific requests for relief.

### A. Disparaging Comments

Appellant first requests that we "order the removal" of the allegedly disparaging comments "from both the court transcript and the official orders[.]" We glean from the record that the trial court's offending comments were made during: (1) the trial court's oral

ruling on February 6, 2025; (2) the trial court's February 11, 2025 order denying the motion to strike; and (3) the trial court's March 7, 2025 final order. In short, Appellant asks this Court to order the trial court to remove certain comments from the trial transcript and from two court orders. This is not a remedy we provide. As a reviewing court, the Court of Appeals receives the record from the trial court, including relevant orders and transcripts of the proceedings, *see* Tenn. R. App. P. 24(a), and *reviews* it for any alleged errors of fact or law. *See* Tenn. R. App. P. 13. As an "'error-correcting intermediate appellate court,'" ***Reliant Bank v. Bush***, 631 S.W.3d 1, 14 (Tenn. Ct. App. 2021) (quoting ***McDonough v. McDonough***, 499 S.W.3d 401, 405 (Tenn. Ct. App. 2016)), we determine whether the record, ***as is***, supports a trial court's findings of fact and/or whether the trial court properly interpreted questions of law. Importantly, we cannot correct or modify the trial court record—that discretion lies with the trial court. *See* Tenn. R. App. P. 24(e). As such, we cannot provide the relief Appellant seeks.

## B. Reprimand Letter

In his second request for relief, Appellant asks this Court to issue "a letter of reprimand" to the trial judge. The Board of Judicial Conduct (the "Board") "is typically the proper forum for complaints against judges." ***Bush***, 631 S.W.3d at 13; *see also* Tenn. Code Ann. § 17-5-102(c). The Board, as opposed to this Court, is "given broad powers to investigate, hear, and determine charges sufficient to warrant sanctions or removal [of judges][.]" Tenn. Code Ann. § 17-5-301(a). As discussed above, this Court's review is limited. *See* ***Bush***, 631 S.W.3d at 14 (quoting ***McDonough***, 499 S.W.3d at 405); *see also* ***Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.***, 531 S.W.3d 146, 162 n.12 (Tenn. 2017). Accordingly, we cannot issue a letter of reprimand to the trial judge.[2]

In sum, we cannot provide the relief Appellant seeks. "A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." ***McIntyre v. Traughber***, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citations omitted). "Determining whether a claim has become moot is a question of law for the courts." ***Charter Lakeside Behav. Health Sys. v. Tennessee Health Facilities Comm'n***, No. M1998-00985-COA-R3-CV, 2001 WL 72342, at *5 (Tenn. Ct. App. Jan. 30, 2001); *see also* ***Alliance for Native American Indian Rights in Tennessee, Inc. v. Nicely***, 182 S.W.3d 333, 338-39 (Tenn. Ct. App. 2005). Here, even if we were to overlook the myriad deficiencies in Appellant's brief, we still could not provide the relief he seeks. For these reasons, the appeal is dismissed.[3]

---

[2] We note that a document titled "Notice of Filing of Complaint to the Tennessee Board of Judicial Conduct Against Special Judge James R. Newsom[] III" was filed in the appellate record on February 12, 2025. Accordingly, it appears that Appellant has pursued a complaint against the trial judge with the Board.

[3] For completeness, we note that Appellant repeatedly alleges in his brief that the trial judge violated several provisions of the Tennessee Code of Judicial Conduct related to bias and impartiality, that the trial judge was biased against Appellant, and that such alleged bias affected Appellant's right to a fair trial. The proper avenue for litigating a judge's alleged biases is through a motion to disqualify or recuse under

## III. Conclusion

For the foregoing reasons, the appeal is dismissed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Gerald Kiner. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

---

Tennessee Supreme Court Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 1.01. It does not appear from the record that Appellant filed a Rule 10B motion, and the question of whether the trial court was biased against Appellant is not before this Court.